Mr. Justice Clayton
delivered the opinion of the court.
This case turns entirely upon the pleadings. The action is assumpsit; first plea the general issue; and next a special plea of failure of consideration. To this last plea there was a demurrer,' assigning various objections, which was sustained. Several other special pleas were then filed, which, upon de *192 murrer, were ruled to be bad; and a verdict and judgment for the plaintifF.
The first special plea avers that the note was executed as part of the price of a lot in the town of Emory, which the defendant had previously purchased, upon' condition that the Northern Conference, then about to be holden in the town of Grenada, would build a college at said town of Emory, and that the plaintiff falsely and fraudulently represented that said conference had determined to, and would build a college at said town, and that, confiding in said representation, he executed said note; that said representation was false; that said conference had not resolved to build a college at said place, but had refused so to do, and so the consideration had failed.
It is objected that this plea is double and multifarious. It is true that it comprehends various circumstances, but they are all stated by way of inducement, and tend to one common point. The language and structure might have been more precise and technical; yet it sets forth the defence with reasonable certainty. The issue tendered is a single one; that the defendant had purchased the lot upon a condition which had not been complied with, and that he had been induced to execute the note upon a false representation of the plaintiff, that the condition had been complied with, and so the consideration had failed. A replication might have been easily drawn, which would have taken issue on a single point; either that the sale was unconditional, or that he had not made the representation averred, or that the representation was true. Upon the determination of such issue, the judgment could have been rendered according to the verdict. We think there was error in sustaining the demurrer to this plea, and that it should have been overruled.
The subsequent pleas which were filed, were bad. Yet, according to the decision in Willis & Conley v. Ives, made by this court at its last sitting, the error in deciding the demurrer to the first special plea, may still be corrected.
The judgment is therefore reversed, the demurrer to the first' special plea is overruled, and a new trial granted.